UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JAYNE E. SLUTZ, | CASE NO. 5:12 CV 839 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | |
| | MEMORANDUM OF OPINION |
| FIRST TENNESSEE BANK NATIONAL ASSOCIATION, et al., | AND ORDER |
| Defendants. | |

      This diversity case was removed from the Ohio Court of Common Pleas by Defendant First Tennessee Bank National Association ("First Tennessee") on April 6, 2012.[1] Plaintiff Jayne E. Slutz brings this action against First Tennessee, Everhome Mortgage Co., and Mortgage Electronic Registration System, Inc., asserting various claims for relief regarding an Ohio court's judgment of foreclosure and the resulting judicially approved sale of the subject real property, on which

---

[1] First Tennessee is the successor in interest by merger to First Horizon Home Loan Corporation.

Plaintiff formerly had a mortgage.[2] Plaintiff seeks damages and an order vacating the judgment of foreclosure, cancelling the sale of the property, and granting her clear title.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

As an initial matter, this Court cannot vacate the Stark County Common Pleas Court judgment. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing a state court case is barred from seeking what in substance would be appellate review of the state court judgment in a United States District Court. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman Doctrine analysis. First, in order for the Rooker-Feldman Doctrine to apply to a claim presented in federal district court, the issue before the Court must be inextricably intertwined with

---

[2] See, *Everhome Mortgage Co. v. Slutz*, Stark County Common Pleas Court Case No. 2010CV01168 at http://www.starkcountycjis.org/starkcrt/docket.

the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman Doctrine applies when the party losing her case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman Doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*

Plaintiff's claim that there was not a proper legal basis for the foreclosure action in state court directly attacks the state court's decision. Any review of the claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

Finally, to the extent Plaintiff seeks to litigate the foreclosure matter anew, she cannot proceed. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgment is therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National*

*Amusement, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Ohio court determined that the mortgage, foreclosure and sale were valid. This Court is bound to give full faith and credit to the decision of that court. Plaintiff is therefore barred by the doctrine of *res judicata* from litigating these questions again in this court.

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: June 29, 2012                                      /s/ John R. Adams
                                                         JOHN R. ADAMS
                                                         UNITED STATES DISTRICT JUDGE